**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

AARON JAMES, *et al.*,
*Plaintiff*,

v.

CHRISTOPHER R. BACHMAN, *et al.*,
*Defendants.*

CIVIL ACTION NO. 22-CV-1682

**MEMORANDUM**

**PAPPERT, J.** **May 9, 2022**

Aaron James, a prisoner currently housed at SCI-Fayette, filed this lawsuit *pro se* against Parole Supervisor Christopher R. Bachman, Parole Agent Tatum, Parole Agent Samuel Pyron, Parole Board Secretary Deborah L. Carpenter and five John Doe Agents. Each is sued in his or her individual and official capacities. James seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant James leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I

James alleges that on March 9, 2022 while he was at the parole office, he was accused by unspecified parole officials of possessing a firearm. (Compl. (ECF No. 1) at 5.)[1] Unidentified agents went to a residence he shared with other tenants without a search warrant and searched the house without permission looking for a firearm. (*Id.*) James's car was also searched. The agents found medical marijuana along with a medical marijuana prescription card and a small kitchen scale. (*Id.*) A receipt and

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

packaging material for the scale were left in the car. (*Id.*) While the search proceeded, James was handcuffed to a bench. (*Id.* at 6.) After the search, he was arrested for violating his parole. (*Id.*) The agents allegedly searched the rooms of his co-tenants and destroyed property.[2] (*Id.*) James was subsequently sentenced to six months "in a CCC Center" for the violation. (*Id.* at 8.) He seeks immediate release from custody, to have all property replaced, and money damages for lost employment/business opportunities. (*Id.*)[3]

---

[2] On the form James used to file his Complaint, he listed the names Sakina Santos, Bennette Chestnutt, and "Child Minor" in the caption and in the list of Plaintiffs that appears on an attached handwritten page. (*Id.* at 1, 4.) However, James is the only person who signed the Complaint and moved to proceed *in forma pauperis*. It is unclear whether the other named persons are aware that James listed them as plaintiffs since none of them signed the Complaint, paid a filing fee, or sought leave to proceed *in forma pauperis*. James also did not provide addresses for these individuals so the Court could contact them. Other than being noted in the caption, these persons are not mentioned anywhere else by name in the Complaint. While these individual may be others who shared James's residence, the Court will not speculate about any claims that they might have.

Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) )). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Accordingly, James may not assert claims on behalf of the other people he included in the caption of the Complaint. Moreover, a non-lawyer parent may not play the role of attorney for his or her child in a federal court. *Osei-Afriyie*, 937 F.2d at 882. Accordingly, James may not assert claims for "Child Minor" for this additional reason, even if he is the child's parent. For all these reasons, the Court will treat James as the sole plaintiff and dismiss the other plaintiffs without prejudice.

[3] In the section of the form Complaint asking James about his efforts to exhaust administrative remedies, he asserted he could not exhaust because he "believe[d] this is a retaliatory action by the Parole Board for filing a civil suit in 2019." (Compl. at 9.) Since James does not allege facts to support a First Amendment retaliation claim other than this conclusory statement, it cannot support a separate plausible claim for retaliation, *Iqbal*,

II

The Court will grant James leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss James's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As James is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

James seeks money damages and to be released from custody due to alleged violations of his civil rights. The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

---

556 U.S. at 678, and appears to be offered solely to justify his failure to exhaust his remedies, an issue the Court need not at this point reach.

[4] Because James is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.[5] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

A

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). More specifically, a § 1983 Complaint that improperly challenges the fact of

---

[5] While naming several individuals as Defendants in this case, James fails to connect any event he describes with any particular Defendants. Under *Rode*, this is an additional reason for dismissal of his claims.

confinement and seeks release based on allegedly defective probation revocation procedures may not proceed because the proper vehicle for such claims is a petition for writ of *habeas corpus*. *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006). Accordingly, to the extent James seeks to be released from custody, his claim is not plausible and will be dismissed with prejudice.

B[6]

The Court understands James to be asserting claims for money damages based on an allegedly warrantless search of his residence and car that resulted in the discovery of marijuana and the revocation of his parole. Because James concedes he was on parole when this incident occurred, his claims are not plausible.

"A probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement that searches be 'reasonable.'" *Griffin v. Wisconsin*, 483

---

[6] James checked the boxes on the form Complaint he used to file this suit indicating that he sought money damages against each Defendant in his or her official as well as individual capacities. All official capacity claims must be dismissed with prejudice. The United States Court of Appeals for the Third Circuit has repeatedly held that "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 197 (3d Cir. 2008) (citing *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit for money damages under the Eleventh Amendment)). The Eleventh Amendment also bars suits against state agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing state agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

As Pennsylvania has not waived its sovereign immunity, and because Congress has not explicitly abrogated immunity through authorizing legislation, the Eleventh Amendment operates as a bar to claims for damages under § 1983 against the Defendant Probation Department employees in their official capacities.

U.S. 868, 873 (1987). Parolees and probationers, however, "do not enjoy 'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions.'" *Id.* at 874 (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). By virtue of a parolee's status, the law affords the state a "degree of infringement upon privacy that would not be constitutional if applied to the public at large." *Id.* at 875. For example, the warrant requirement has been found by the United States Supreme Court to "interfere with the probation system by delaying investigations into suspected violations and effectively establishing a magistrate, rather than a probation officer, as the probationer's supervisor." *Id*. at 876. The probable cause requirement has also been found to "unduly disrupt the probation regime by restricting a probation officer's ability to supervise a probationer." *Id*. at 878-89.

Because of this, the United States Court of Appeals for the Third Circuit has determined that in Pennsylvania, parole officers may conduct warrantless searches of a parolee's property based merely on reasonable suspicion. *U.S. v. Strickland*, 237 F. App'x 773, 777 (3d Cir. 2007). Specifically, a warrantless search of a parolee's property is authorized "if there is reasonable suspicion to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision." *Id.* (citing 61 Pa. Cons. Stat. Ann. § 331.27b(d)(2) (repealed, now § 6182)). Reasonable suspicion exists where the officer has a "particularized and objective basis for suspecting legal wrongdoing." *Id.* (citing *United States v. Williams*, 417 F.3d 373, 376 (3d Cir. 2005)). Also, the parolee may be detained during the search. 61 Pa. Cons. Stat. Ann. § 6182(d)(3).

James fails to plausibly allege that the parole officials lacked a reasonable suspicion to conduct the search. Indeed, he appears to concede that they did have a reasonable suspicion because they believed he was in possession of a firearm. He also concedes that contraband was discovered during the search. Accordingly, his illegal search claim is not plausible as currently pled but James will be allowed to amend his pleading if he is capable of curing these defects.

C

James also alleges that certain property was destroyed during the search. A prisoner in Pennsylvania, however, cannot state a constitutional claim based on the loss of his property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee [like a parole officer] does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (*per curiam*) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property). Because James has an available post-deprivation remedy for the loss under the Pennsylvania Tort Claims Act, his constitutional claim is not plausible.

To the extent the Complaint may be read to assert a state law claim for the property loss, because the Court has dismissed James's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is

28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

James does not allege the citizenship of the parties; he provides only the Pennsylvania addresses where the Defendants are employed. James himself is incarcerated in Pennsylvania, and appears to have resided in Pennsylvania prior to his

incarceration, which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, James has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

IV

The Court will grant James leave to proceed *in forma pauperis* and dismiss his claims pursuant to 28 U.S.C. § 1915(e)(2)(B). All official capacity claims and individual capacity claims seeking release from custody and money damages based on property losses are dismissed with prejudice. State law claims for money damages based on property losses are dismissed without prejudice and James may reassert those claims in an appropriate state court. Any claims purportedly brought in the name of Sakina Santos, Bennette Chestnutt, and "Child Minor" are dismissed without prejudice. Individual capacity constitutional claims for money damages arising from the allegedly illegal search are dismissed without prejudice. James may file an amended complaint if he is capable of curing the defects the Court has identified in his claim for money damages arising from the allegedly illegal search, namely by (1) identifying which individuals were personally responsible for the alleged violation, (2) describing circumstances that plausibly demonstrate a lack of reasonable suspicion to conduct the search, and (3) providing details of his current parole/probation status, including an identification of the state court criminal case under which his parole/probation was imposed. An appropriate order follows.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**GERALD J. PAPPERT, J.**