IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON JAMES, *et al.*, <br>    *Plaintiff*, | : <br> : <br> : | |
| v. | : | CIVIL ACTION NO. 22-CV-1682 |
| CHRISTOPHER R. BACHMAN, *et al.*, <br>    *Defendants*. | : <br> : <br> : | |

## ORDER

AND NOW, this 9th day of May, 2022, upon consideration of Aaron James's Motion to Proceed *In Forma Pauperis* (ECF No. 2), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Aaron James, #MV-7594, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI-Fayette or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to James's inmate account; or (b) the average monthly balance in James's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent of SCI-Fayette or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in James's inmate trust fund account exceeds $10.00, the Superintendent of SCI-Fayette or other appropriate official shall forward payments to the Clerk of Court

equaling 20% of the preceding month's income credited to James's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

      3.      The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI-Fayette.

      4.      The Complaint is **DEEMED** filed.

      5.      James's Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as follows:

      a.    All official capacity claims and individual capacity claims seeking release from custody and constitutional claims for money damages based on property losses are **DISMISSED WITH PREJUDICE**.

      b.    All state law claims for money damages based on property losses are **DISMISSED WITHOUT PREJUDICE** and James may reassert those claims in an appropriate state court.

      c.    Any claim purportedly brought in the name of Sakina Santos, Bennette Chestnutt, and "Child Minor" is **DISMISSED WITHOUT PREJUDICE**.

      d.    Constitutional claims for money damages arising from the allegedly illegal search are **DISMISSED WITHOUT PREJUDICE**.

      6.      James may file an amended complaint within thirty (30) days of the date of this Order limited to his own claims for money damages arising from the allegedly illegal search.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for James's claims against each defendant.  The

amended complaint must also provide as much identifying information for the defendants as possible. James may refer to a defendant by last name only if that is the only identifying information possessed. If James wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, James should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send James a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. James may use this form to file his amended complaint if he chooses to do so.

8. If James does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the

district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If James fails to file any response to this Order, the Court will conclude that James intends to stand on his Complaint and will issue a final order dismissing this case. *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**