## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON JAMES, *et al.*, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1682 |
| | : | |
| CHRISTOPHER R. BACHMAN, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM

**PAPPERT, J.**                                                   **June 14, 2022**

The Court previously dismissed the civil rights Complaint filed by Aaron James, a prisoner currently housed at SCI Fayette. *See James v. Bachman*, No. 22-1682, 2022 WL 1469749 (E.D. Pa. May 9, 2022). James was granted leave to file an amended complaint if he could remedy the defects the Court identified in his claims. James has now filed an amended pleading (ECF No. 10), and he names as Defendants Supervisor Parole Agent Christopher R. Bachman, Parole Agent Tatum, Parole Agent Samuel Pyron and several John Doe Parole Agents. Each is again named in his or her individual and official capacities. For the following reasons, the Court will dismiss all official capacity claims as well as James's request to have his parole status changed. The balance of the claims will be served for a responsive pleading.

I

James asserts that on March 9, 2022, while he was at the parole office for his monthly appointment, six unspecified officers threw him up against a wall and searched his pockets. (Am. Compl. at 12.) He was handcuffed and told that he was being investigated for having a firearm. (*Id.*) Defendant Bachman allegedly told him that his home would be searched, which James refused to allow him to do. (*Id.*) James

was told "they had a complaint, I then asked to see a search warrant and the agent said he would give me a copy in a minute but I never recieved [sic] one." (*Id.*)

James was then handcuffed to a bench while the Defendant agents went to his home and searched the entire residence, including rooms occupied by his tenants. (*Id.*) When the Defendants returned to the parole office, they searched "my car without knowing who the owner was." (*Id.*) After the vehicle search, Bachman asked James "who did the marijuana belong to that was located under the front passenger seat and the small scale." (*Id.* at 12-13.) James told Bachman that the marijuana belonged to his wife and there was a medical marijuana card with the drugs. (*Id.* at 13.) James was told he violated the terms of his parole by using drugs and possessing drug paraphernalia. (*Id.*) James attempted to explain that he had just bought the scale to measure marijuana for his wife to make tea for treatment for her cancer. (*Id.*) He claims he was never urine tested to see if he had used drugs and the agents never attempted to learn whether his explanation for the marijuana and scale was legitimate. (*Id.*) He asserts he was "illegally detained [] because of a police report that was made in June of 2021 and the agents had ample time to obtain a search warrant and did nothing at the time." (*Id.*)

James asserts he was recommitted and sentenced to a six-month term for violating the conditions of his parole. (*Id.* at 13-14.) He claims the Defendants violated his civil rights by illegally detaining him without probable cause "because [he] should have been questioned when the complaint was originated and not 9 months later." (*Id.* at 14.) James seeks money damages and to "be reinstated in good standing with the parole board." (*Id.* at 5.)

II

As the Court granted James leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss James's Amended Complaint if it fails to state a claim. The Court must determine whether the pleading contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. The Court construes James' allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

James seeks money damages and a change in his parole status due to alleged violations of his civil rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A

James seeks as relief on his claims that he "be reinstated in good standing with the parole board." The Court understands James to be seeking a release from custody and that he be re-paroled. However, as the Court has already informed him, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *James*, 2022 WL 1469749, at \*2 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). More specifically, a § 1983 Complaint that improperly challenges the fact of confinement and seeks release based on allegedly defective probation revocation procedures may not proceed because the proper vehicle for such claims is a petition for writ of *habeas corpus*. *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006). Accordingly, to the extent James again seeks to be released from custody and/or a change in his parole status, his claim is not plausible and will be dismissed with prejudice.

B[1]

The Court understands James again to be asserting claims for money damages based on an allegedly warrantless search of his residence and car that resulted in the

---

[1] James again checked the boxes on the form Complaint he used to file this suit indicating that he sought money damages against each Defendant in his or her official as well as individual capacities. The Court previously dismissed all official capacity claims with prejudice because the Eleventh Amendment bars official capacity claims against state employees in federal court that seek monetary damages. *See James*, 2022 WL 1469749, at \*3, n.6 (citing *Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003)). The official capacity claims are again dismissed with prejudice.

discovery of marijuana and for being detained while the search was conducted. The Court previously dismissed the warrantless search claim without prejudice because James conceded he was on parole when this incident occurred, and the United States Court of Appeals for the Third Circuit has determined that, in Pennsylvania, parole officers may conduct a warrantless search of a parolee's property, *see U.S. v. Strickland*, 237 F. App'x 773, 777 (3d Cir. 2007), such that a warrantless search is authorized "if there is reasonable suspicion to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision." *Id.* (citing 61 Pa. Cons. Stat. § 331.27b(d)(2) (repealed, now 61 Pa. Cons. Stat. § 6182)). James was allowed to file an amended complaint if he could plausibly allege that the Defendants lacked reasonable suspicion to conduct the search.[2] *James*, 2022 WL 1469749, at *3.

James attempts to meet this burden in several ways. He alleges that he told Defendant Bachman that while he bought the scale, the drugs belonged to his wife, who apparently had a medical marijuana card. He allegedly attempted to explain that he had just bought the scale to measure marijuana for his wife to make tea for treatment for her cancer. He also claims he was never urine tested to see if he had used drugs and the agents never attempted to learn whether his explanation for the marijuana and scale was legitimate. These allegations fail to address or refute whether Bachman or

---

[2] Specifically, James was told that to allege plausible claims, he had to (1) identify the individuals who were personally responsible for the alleged violation, (2) describe circumstances that plausibly demonstrated a lack of reasonable suspicion to conduct the search, and (3) provide details of his current parole/probation status, including an identification of the state court criminal case under which his parole/probation was imposed. *James*, 2022 WL 1469749, at *5. While nothing in the Amended Complaint identifies the state court criminal case, James alleges he was on parole at the time of the search, and the Court accepts that allegation as true.

any other Defendant had a reasonable suspicion to believe that James was in possession of a firearm.  However, James also asserts that he was detained and searched in March 2022 because of a police report allegedly made in June 2021. Because an allegation that information contained in a police report is "stale" can support a plausible claim that the parole officers lack reasonable suspicion to believe that a parolee possessed contraband, the claim will be served for a responsive pleading. *See Strickland*, 237 F. App'x at 778-79 (holding that a court should consider, among other factors, the age of information in determining whether there is adequate suspicion justifying a warrantless search of a parolee (citing *United States v. Zimmerman,* 277 F.3d 426, 434 (3d Cir.2002)).

IV

For the foregoing reasons, the Court will dismiss the official capacity claims in James's Amended Complaint as well as his request to have his parole status changed. His Amended Complaint will be served for a responsive pleading on his individual capacity claims for money damages.  An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.