IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON JAMES,<br><br>    *Plaintiff,*<br><br>v.<br><br>CHRISTOPHER R. BACHMAN, et. al,<br><br>    *Defendants.* | CIVIL ACTION<br>NO. 22-1682 |

**PAPPERT, J.**                                                                                              **March 22, 2023**

### MEMORANDUM

The Court explained this case in its June 14, 2022 memorandum dismissing Aaron James's claims against Parole Agents Christopher Bachman, Samuel Pyron and Michael Tatom in their official capacities for conducting a warrantless search of his home and vehicle that led to the revocation of his parole. *See* (ECF 11, 12). The Court also denied James's request to alter his parole status, leaving only claims for money damages against the parole agents in their individual capacities.

On August 15, 2022, Defendants moved to dismiss those remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 21.) James never responded to the motion so on December 13, 2022, the Court ordered him to do so by January 3, 2023. (ECF 23.) The Order also stated that failure to respond would result in dismissal of his Amended Complaint. Despite the warning, James never responded, and the Court now grants Defendants' motion and dismisses all remaining claims.

I

Federal Rule of Civil Procedure 5(b)(2)(C) states that a motion is properly served by "mailing it to the person's last known address—in which event service is complete

upon mailing." Fed. R. Civ. P. 5(b)(2)(C).  When a party files a certificate of service "averring that a pleading has been served by being placed in the U.S. mail, a presumption of regularity arises that the addressee received the pleading." *Blomeyer v. Levinson*, No. 02-8378, 2006 WL 463503, at *5 (E.D. Pa. Feb. 21, 2006) (internal quotation marks omitted).  A motion may be treated as uncontested when the opposing party fails to timely respond.  *Move Org. v. City of Phila.*, 89 F.R.D. 521, 523 (E.D. Pa. 1981).  When a party fails to do so, "the motion may be granted as uncontested except as provided under [the Federal Rules of Civil Procedure governing motions for summary judgment]."  E.D. Pa. Civ. R. 7.1(c).

On June 27, 2022, James updated his address with the Court, asking that all mail be sent to that address after his release from SCI Fayette on June 30, 2022.  (ECF 17).  Defendants certified that they mailed a copy of their motion to James at his updated address on August 15, 2022.  (ECF 21 at 12.)  The Court mailed its December 13, 2022 Order to that address as well.  At this point the Defendants' motion is uncontested and the Court grants it as such.[1]

---

[1] Because dismissals with prejudice are "drastic sanctions" the Third Circuit has outlined six factors for courts to weigh when dismissing a complaint with prejudice.  *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 867–870 (3d Cir.1984).  They are:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  *Id.*  In weighing these factors, courts need not find all are satisfied in order to dismiss a complaint.  *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

First, James is personally responsible for his failure to respond to Defendants' motion.  As a *pro se* litigant, James cannot blame counsel for the lack of response.  *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (holding that a *pro se* plaintiff is responsible for his or her own failure to comply with court orders).  Indeed, James himself told the Court where to send future correspondence upon his release from custody.  Second, Defendants are prejudiced because the Court has delayed ruling on their motion and the adjudication of this case has stalled.

Although James's history of dilatoriness does not include repeated noncompliance with Court orders, the Court ordered James to respond before January 3, 2023.  The two and a half months that

II

James's claims also fail on the merits. To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a "pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

A

Under *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994), "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that there has been a "favorable termination" of his prior proceedings by demonstrating that "the conviction or sentence has been reversed on

---

have passed since the Court's deadline is evidence the third factor weighs in favor of dismissal. In evaluating the fourth factor, the Court cannot determine whether James's failure to respond is willful or in bad faith, so this factor is neutral. Factor five weighs in favor of dismissal: James's *pro se* and *in forma pauperis* status make it unlikely any alternative sanctions such as fines, costs, or attorneys' fees would provide redress to Defendants. *See Briscoe,* 538 F.3d at 262–63 (holding that alternative sanctions are unavailable when a plaintiff proceeds *pro se* and *in forma pauperis*.) Finally, the sixth factor weighs heavily in favor of dismissal, as James's claims lack merit. *See infra* Section II. Because five of the six *Poulis* factors weigh in favor of dismissal, James's complaint is dismissed with prejudice.

direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (A Section 1983 claim is barred, no matter the relief sought, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") A plaintiff challenging the decision of a Parole Board pursuant to Section 1983 must show the Board's decision has been rendered invalid, reversed, expunged or called into question via a writ of habeas corpus. *Williams v. Consovoy* 453 F.3d 173, 177 (3d Cir. 2006); *Deemer v. Beard*, 557 F. App'x 162, 166 (3d Cir. 2014) (*Heck* "impose[s] a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of their conviction or sentence.")

Success in this case would demonstrate that his detainment was invalid, as James claims his constitutional rights were violated due to an illegal search of his property. James has not alleged any facts to show he received a favorable termination in the prior proceedings, acknowledging instead he had received no decision on his appeal, much less a favorable one. (Am. Compl. 14, ECF 10.) Finally, even though he has been released, James's action remains barred by *Heck*. *See Deemer,* 557 F. App'x at 164 (holding the *Heck* bar applies to Section 1983 actions for damages brought by defendants who have been released from custody and therefore have no current access to the federal courts' habeas corpus jurisdiction).

B

Even if his prior proceeding terminated favorably, James still fails to state a claim upon which relief can be granted because his detention at the parole office and

4

the search of his property did not amount to a constitutional violation. In Pennsylvania, a warrantless search of a parolee's property is proper if there is reasonable suspicion that the property contains contraband or evidence the parolee violated his release conditions. *See U.S. v. Strickland*, 237 F. App'x 773, 777 (3d Cir. 2007) (citing 61 Pa. Cons. Stat. § 331.27b(d)(2) (repealed, now 61 Pa. Cons. Stat. § 6182)).

James claims his detention and the search of his property was based on a June, 2021 police report that claimed he possessed a firearm in violation of his parole. (Am. Compl. 12–13.) This report gave the parole agents reasonable suspicion for a warrantless search of his property. Although the search did not take place until March of 2022—nine months after the report was filed—the search was not so far removed from the filing of the report to negate the requisite reasonable suspicion. *See United States v. Strickland*, 237 F. App'x 773, 779 (3d Cir. 2007) (holding that information obtained eight months prior to the search that plaintiff possessed a firearm in violation of his parole was not "so dated as to eliminate the parole officers' reasonable suspicion that firearms were present in [plaintiff's] residence."); *see also United States v. Miller*, 267 F. App'x 152, 154 (3d Cir. 2008) (holding that the detention of a parolee at the parole office while his home was being searched on the basis of reasonable suspicion did not violate the Fourth Amendment).

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.

5